JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS
Manuel Magana
Mexican National

*(handwritten: 3, 3264, B2)*

## DEFENDANTS
Caryl Ann Cooper : NAPA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Martin James Martinez  Cal state bar number 97713
1434 Third Street: Suite 3 C Napa, CA 707-251-9383

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)   AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☑1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☑3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "✓" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☑ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 870 Taxes (US Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 USC 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $

☑ CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY)   ☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE   July 3, 2008

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

1  MARTIN JAMES MARTINEZ
   California State Bar Number: 97713
2
   Martinez Law Office
3  1434 Third Street
   Suite 3 C
4  Napa, CA 94559
   Telephone: (707)251-9383
5  Fax: 707-251-9386
   Attymar@sbcglobal.net
6
   Attorney for Plaintiff,
7  Manuel Alejandro Magana

**FILED**

JUL - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

BZ

8
9                UNITED STATES DISTRICT COURT FOR THE
10                  NORTHERN DISTRICT OF CALIFORNIA
11                            SAN FRANCISCO
12

13  MANUEL ALEJANDRO MAGANA         )  CASE NUMBER: CV 08 3264
14                                  )
          Plaintiff,                )
15                                  )
                                    )
16                                  )  COMPLAINT FOR DAMAGES IN EXCESS
    V.S.                            )  OF $75,000.00 BASED ON NEGLIGENCE/
17                                  )  SUBJECT MATTER JURISDICTION DUE
                                    )  TO DIVERSITY OF CITIZENSHIP
18                                  )
                                    )  **28 UNITED STATES CODE 1332**
19                                  )
    CARYL ANN COOPER,               )
20                                  )  **_Demand for Jury Trial_**
          Defendant                 )
21  _____  )

22          **_Complaint for damages in excess of $75,000.00_**

23       Pursuant to the Federal Rules of Civil Procedure, and Local Court Rules, upon

24  information and belief, the plaintiff states as follows:

25                    **_Subject Matter Jurisdiction_**

26       1. Pursuant to 28 United States Code 1332 (a) "The district courts shall have original

27  jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

28  $75,000, exclusive of interest and costs, and is between— (1) citizens of different States; (2)

---

*Complaint for Damages*

1  citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in
2  which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined
3  in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States. For the
4  purposes of this section, section 1335, and section 1441, an alien admitted to the United States
5  for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."

6  2. In diversity cases the subject matter jurisdiction of the federal courts is defined by who
7  the parties to the lawsuit are rather than the subject matter of the underlying dispute. Federal
8  subject matter jurisdiction exists in cases where the opposing parties are citizens of different
9  states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

10  3. That the instant case, the plaintiff, although he temporarily resides in Napa County, he
11  is not a permanent resident of the United States of America.  He is an alien from the Republic of
12  Mexico, and as such, there is complete diversity between the parties, and there is a good faith
13  belief that the claim is well in excess of $75,000.00, exclusive of interests and costs.

### *Venue*

15  4. Under 28 U.S.C 1391, the court is proper because the cause of action took place in
16  Napa County, a county within the venue of the Northern District of California.

### *Parties*

18  5. That the plaintiff, is an adult citizen and subject of a foreign country to wit: the
19  republic of Mexico.

20  6. The defendant, a resident of Napa County, is an indispensable party subject to this
21  suit.

22  7. Damages is an adequate remedy due to the fact the plaintiff was injured with damages
23  well in excess of $75,000.00,  the statutory figure for diversity, due to the  negligence of the
24  defendant.

### *Claim for Relief: Negligence*

26  8. On January 18, 2008, at  approximately 20:29 hours, in the County of Napa, State of
27  California, on Freeway Drive,  the plaintiff, riding southbound on his bicycle in his designated
28  bike lane, saw the defendant stop at the stop sign. The plaintiff then continued southbound on

*Complaint for Damages*                             2

1  Freeway Drive.

2  9. The defendant, while in her motor vehicle, entered the intersection, and attempted a
3  left turn into north bound Freeway Drive. While entering the intersection, the defendant
4  broadsided the plaintiff. The defendant driver did not obey the stop sign. Due to this negligence,
5  the plaintiff was severely injured.

6  10. The plaintiff was caused to fall off his bike and he landed about 27 feet east of the
7  crosswalk marking. He sustained a broken left clavicle, multiple abrasions to his hands and
8  feet, bumps on his head, and back pain. He was taken by ambulance to the Queen of the Valley
9  Hospital in Napa.

10  11. The plaintiff alleges that the acts of the defendant were the legal and proximate cause
11  of damages to the plaintiff. That the defendant owed a duty to use due care. This duty was
12  breached, and the breach was the proximate or legal cause of the resulting injury.

13  12. That it was foreseeable that harm would be caused to the plaintiff and that the above
14  negligence was the legal and proximate cause of his injury by causing him to injure himself. The
15  defendant should have exercised caution for the protection and safety of the plaintiff. That this
16  breach of duty was the proximate and legal cause of her injuries. That this negligence caused the
17  plaintiff to suffer injury, damages, loss or harm.

18  13. That this failure to exercise due care is negligence per se pursuant to *California*
19  *Evidence Code §669 (a)* because the failure of a person to exercise due care is presumed if:
20  (1) The defendant violated a statute, ordinance, or regulation of a public entity;
21  (2) The violation proximately caused death or injury to person or property;
22  (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or
23  regulation was designed to prevent; and
24  (4) The person suffering the death or the injury to his person or property was one of the class of
25  persons for whose protection the statute, ordinance, or regulation was adopted.

26  14. The actual statutory language in question that the defendant violated is set forth in
27  *California Vehicle Code §21801. (a)* "The driver of a vehicle intending to turn to the left or to
28  complete a U-turn upon a highway, or to turn left into public or private property, or an alley, shall

*Complaint for Damages*                           3

1  yield the right-of-way to all vehicles approaching from the opposite direction which are close
2  enough to constitute a hazard at any time during the turning movement, and shall continue to
3  yield the right-of-way to the approaching vehicles until the left turn or U-turn can be made with
4  reasonable safety.

5    (b) A driver having yielded as prescribed in subdivision (a), and having given a signal
6  when and as required by this code, may turn left or complete a U-turn, and the drivers of vehicles
7  approaching the intersection or the entrance to the property or alley from the opposite direction
8  shall yield the right-of-way to the turning vehicle." [Added 1959 ch. 3; amended 1963 ch. 1844;
9  1969 ch. 312; 1988 ch. 623; 1993 ch. 272, effective July 30, 1993.

10    15. That the defendant's vehicle was so close to the plaintiff as to constitute a hazard to
11  him due to the fact a reasonable person in the position of the driver intending to turn left would
12  realize that the motor vehicle and bicycle would probably collide at some time during the turning
13  movement if the defendant did not yield the right of way.

14    16. That the defendant as a person using a public street, or highway , as a driver of a
15  motor vehicle, had a duty to exercise ordinary care at all times to avoid placing the plaintiff in
16  danger and to use like care to avoid an accident from which an injury might result.  This duty was
17  violated by the defendant when she collided with the plaintiff.

18    17. While it is the duty of both the plaintiff and defendant to use due care, that duty does
19  not require the same amount of caution form each.  A driver of a motor vehicle, is in charge of a
20  machine capable of causing serious consequences if the driver is negligent,

### ***Prayer for Relief***

WHEREFORE, plaintiff prays for compensatory damages as follows:

18. General Damages in an amount of              $80,000.00.

19. Special Damages such as Medical, Hospital, doctor, nurse, lab, pharmaceutical, psychiatric, psychological, and incidental expenses in an amount of $12,197.11 as follows:

    a. Queen of the Valley Hospital in the amount of    $8,973.19.
    b. Piner Ambulance Service in the amount of       $795.92
    c. Napa Valley Emergency Medical Group:         $767.00

*Complaint for Damages*                    4

| | | |
|---|---|---|
| 1 | d. Dr. James Bishofberger: | $1605.00 |
| 2 | e. Community Health Clinic | $56.00 |
| 3 | f. Future Medical expenses | $35,000.00 |

4  20. Loss of earnings and earnings capacity in an amount
5      to be proven at trial in the estimated sum of:        $25,000.00
6  21. Loss of Property                                       $500.00
7  21. Costs and interests to be determined at trial
8  22. Total amount of damages requested by plaintiff:   $152, 697.11
9  22. That pursuant to *Federal Rule of Civil Procedure 38(b)* and *Local Rule 3-6*, the
10 plaintiff respectfully demands a trial by jury of all issues so triable in this action.
11    23. That the court order all other relief deemed appropriate and such other and further
12 relief as may be just and proper.

Dated: May 1, 2008

_____
MARTIN JAMES MARTINEZ
Attorney at Law

*Complaint for Damages*                5

1      **_Certification of Interested Entities or Persons_**

2

3      Pursuant to Civil L.R. 3-16, the undersigned based on information and belief, hereby

4 certifies that as of this date, other than the named parties, there is no such interest to report.

5

6                                                                   Dated: May 1, 2008

7

8 MARTIN JAMES MARTINEZ

      Attorney at Law

9

10

*Complaint for Damages*                   6